**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30447 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00064-BLW-1 |
| v. | |
| MARCUS JORDAN KOEPNICK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted December 7, 2010
Seattle, Washington

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and EZRA, District
Judge.[**]

Marcus Koepnick appeals the district court's ruling which admitted into

evidence a sawed-off shotgun that police found in the bedroom of Jeffery

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

Koepnick, his father. As the facts are known to the parties, we repeat them here only as necessary to explain our decision.

Officer Clint Doerr went to Jeffery Koepnick's house in order to execute a warrant for the arrest of his adult son, Marcus. Jeffrey gave Doerr consent to search the house for his son. When in Jeffrey's bedroom, Doerr saw a gun stock protruding from a pile of clothes and later testified that the gun, combined with the presence of other people in the house, made him concerned for his safety. **ER 87.** Officer Doerr removed the gun, which turned out to be an illegal sawed-off shotgun. Marcus was charged with its possession.

The Supreme Court has instructed that the purpose of the plain view exception is to protect police officers from danger, as well as to prevent destruction of evidence. *See Arizona v. Hicks*, 480 U.S. 321, 327 (1987) (noting that "the practical justification" for the plain view exception "is the desirability of sparing police . . . the inconvenience *and the risk—to themselves* or to preservation of the evidence—of going to obtain a warrant" (emphasis added)). Even if the district court were correct in finding that Doerr did not have probable cause to believe the gun was illegal, it was still a gun. Additionally, there was another person in the bedroom, Jeffery was elsewhere in the house, and Marcus's whereabouts were unknown. These circumstances justify Doerr's temporary seizure of the gun as a

reasonable safety precaution. Every circuit to confront this question has so held. *See United States v. Rodriguez*, 601 F.3d 402, 408 (5th Cir. 2010); *United States v. Bishop*, 338 F.3d 623, 628–29 (6th Cir. 2003); *United States v. Timpani*, 665 F.2d 1, 5 n.8 (1st Cir. 1981); *United States v. Malachesen*, 597 F.2d 1232, 1234 (8th Cir. 1979).

After Officer Doerr seized the gun from the pile of clothes, he could see that it was an illegal sawed-off shotgun, justifying a permanent seizure of the weapon. *See Rodriguez*, 601 F.3d at 408.[1] Accordingly, the conviction is

AFFIRMED.

---

[1] We note that there are serious questions about whether Marcus Koepnick has standing to challenge the search of his father's bedroom. We need not reach these questions, however, because Fourth Amendment standing is a matter of substantive Fourth Amendment law, not a prerequisite to jurisdiction. *See Rakas v. Illinois*, 439 U.S. 128, 140 (1978) (stating that Fourth Amendment standing issues are "more properly placed within the purview of substantive Fourth Amendment law than within that of standing"); *cf. United States v. Leon*, 468 U.S. 897, 925 (1984) ("There is no need for courts to adopt the inflexible practice of always deciding whether the officers' conduct manifested objective good faith before turning to the question whether the Fourth Amendment has been violated.").